[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO AMEND
PROCEDURAL HISTORY:
The plaintiff brought this administrative appeal dated August 2, 1996. Following the appeal the certain events pertinent to this decision occurred:
1. August 7, 1997 plaintiff moves to amend complaint;
2. August 13, 1997 defendant objects to proposed amendment;
3. September 3, 1997 plaintiff moves to amend complaint;
 4. September 10, 1997 defendant objects to proposed amendment; CT Page 15493
5. October 7, 1997 plaintiff moves to amend complaint;
6. October 10, 1997 defendant objects to proposed amendment;
 7. July 19, 1998 Supreme Court of Connecticut decides Stafford Higgins Industries, Inc. v. Norwalk, 245 Conn. 551 (1998), and effectively overrules Cioffoletti v. Planning Zoning Commission, 209 Conn. 544 (1989).
 8. April 30, 1998 the matter is transferred from New Britain to Hartford;
9. November 13, 1998 plaintiff moves to amend complaint;
 10. November 13, 1998 defendant objects to proposed amendment;
DISCUSSION:
In its most recent amended complaint dated November 13, 1998, the plaintiff's prayer for relief reads as follows:
 "Wherefore, the plaintiff appeals from the decision of the Berlin Planning Zoning Commission on July 11, 1996 and prays that this appeal be sustained."
The thrust of the plaintiff's attempted amendment is to bring into the administrative appeal a claim that in denying the site plan the commissioner relied on regulations which were never validly adopted.
Prior to July of 1988, the Supreme Court holding Cioffolettiv. Planning Zoning Commission, 209 Conn. 544 (1989), appeared to foreclose a party from attacking regulations and at the same time appealing pursuant to the application of those regulations. However, on July 19, 1998 in Stafford Higgins Industries, Inc. v.Norwalk, 245 Conn. 551 (1998) the court held:
 "In our view, however, that rule, which limits the ability of parties to pursue statutory avenues of appeal in regard to municipal or agency legislation, is ill conceived."
Stafford Higgins at 579.
The Supreme Court then refused to decide in Stafford Higgins
whether the notice provision of Practice Book 17-55(4) are CT Page 15494 applicable to declaratory judgments which are joined with administrative appeals. But the court does hold:
 "Therefore, we abandon the Cioffoletti rule requiring that general attacks on the validity of legislation be brought in the form of declaratory judgment actions instead of substantive appeals." Stafford Higgins at 582. [The court in Stafford Higgins further observed,] "if the Cioffoletti rule were applied in the present case, it effectively would preclude Section 12-119 [a municipal tax appeal] as a vehicle for the plaintiff's claims regarding the validity of the 1995 and 1996 grand lis and PA 95-283 and PA 96-218."
Stafford Higgins at 579.
In concluding its discussion of whether a broad attack on a regulation could be made in an administrative appeal, and particularly its concern for the notice requirements of our declaratory judgment juris prudence, the court concluded as follows:
 "Finally, in our view, the concern for third party interest in the challenged legislation, the protection of which constitutes the rationale for the Cioffoletti rule, is outweighed by the importance of honoring the legislature's grant of statutory avenues of appeal with regard to municipal or agency legislation . . . indeed, every decision that substantively effects the shape of the law inevitably impacts upon the interest of third persons. In general, however, notice to such persons is not required, not only because such a requirement would be unduly burdensome, but also because their interests are adequately represented by a defendant and by a plaintiff with proper standing. In our view, in challenges to the validity of agency or municipal legislation, the interest of the municipality or agency in upholding its legislation provides sufficient protection to the interest of third parties and that legislation and, therefore, it is not necessary to require such challenges to be brought as declaratory judgment actions."
Stafford Higgins, 581-582.
It appears to the court that the plaintiff in the instant matter has repeatedly filed its motion to amend between August 7, 1997 and November 13, 1998. There has never been a hearing on the merits of the plaintiff's appeal. The court expresses some scepticism that the plaintiff's amendment could have survived if CT Page 15495 tested by the Cioffoletti rule. However, post Stafford Higgins, the combination of regulation challenge with administrative appeal appears to be clearly authorized. The defendant in the instant case would attempt to distinguish Stafford Higgins from the instant case on the grounds that Stafford Higgins was a tax appeal while the instant case is a land use matter. This court sees little difference between the two in this regard. The court recognizes that the question is open whether the plaintiff may request a declaratory judgment without the notice required by our Practice Book rule. However, the plaintiff has not asked for declaratory judgment. If the plaintiff can succeed in showing that the regulations which denied site plan approval were never adopted by the town it would appear that the plaintiff might succeed in its administrative appeal.
While the matter is some two years old, the plaintiff's ability to amend appears to be only five months in duration since the Supreme Court decision in Stafford Higgins. The merits of the appeal have not been argued. The plaintiff has withdrawn a declaratory judgment actions which would have raised the same issues.
The plaintiff's request to amend its complaint is granted.
ADDITIONAL EVIDENCE:
In its brief on the motion to amend plaintiff argues that if the complaint is amended there is no need to take additional evidence and the complaint should be considered on the administrative record. In its brief the defendant argues, "zoning appeals are traditionally limited to the facts contained in the return of record. If this court were to allow the plaintiff to attack the zoning regulations in its zoning appeal, numerous witnesses and testimony will likely be required to prove and refute the plaintiff's claim.
Section 8-8(k) provides as follows:
 The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if 1) the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to Section 8-7(a), or 2) it appears to the court that additional testimony is necessary for the equitable CT Page 15496 distribution of the appeal. The court may take the evidence or may appoint a referee or committee to take such evidence as it directs and report the same to the court, with his or its findings of fact and conclusions of law."
Section 8-9 makes the 8-8 evidentiary provision applicable to appeals from zoning commissions or planning and zoning commissions.
At the present time there is no indication that a complete transcript of the entire proceedings before the board is not available. If the defendant wishes to submit additional evidence it would appear to be incumbent upon the defendant to show that such evidence is "necessary for the equitable disposition of this appeal". In the court's opinion, this showing goes well beyond a statement that "numerous witnesses and testimony will be likely required."
The defendant must demonstrate to the court by way of offer of proof what evidence it would put on and how that evidence could validate regulations if they were not validated by the return of record. If the defendant wishes to make a motion for additional evidence accompanied by brief and offer of proof such a motion should be made not later than February 1, 1999.
The Court by,
Kevin E. Booth